**LOCAL 50, BAKERY & CONFECTIONERY WORKERS, INTERNATIONAL UNION OF AMERICA, AFL, v. GENERAL BAKING CO. et al.**

United States District Court
S. D. New York.

April 24, 1951.

Herman E. Cooper, New York City, for plaintiff, H. Howard Ostrin, New York City.

Cahill, Gordon, Zachry & Reindel, New York City, for defendants. John T. Cahill, William L. Dennis, Lawrence J. McKay, New York City, of counsel.

McGOHEY, District Judge.

Defendants move for summary judgment.

Plaintiff is the union representing the production and maintenance employees (the inside workers) of the defendant bakery companies. It brings this action under Section 301(a) of the Labor Management Relations Act of 1947,[1] seeking damages both for itself and for its members for defendants' alleged breach of the no-lockout provisions in the collective bargaining agreements in effect between the parties.

There is no dispute as to the facts, and it seems to me that defendants are entitled to summary judgment as a matter of law.

The five defendants and Continental Baking Company, Inc. (the Six Companies) are members of the New York City Bakery Employers Council (hereinafter referred to as "Council") which represents these companies in collective bargaining with labor organizations. Bakery Drivers Union, Local 550, International Brotherhood of Teamsters, AFL (Drivers Union) represents the salesmen-drivers (the outside workers) of the Six Companies.

Negotiations for a new agreement between the Council and the Drivers Union having broken down, the latter, on February 25, 1949, notified Continental that strike action would be taken against it effective 12:01 a.m. February 28. On the next day the Council was given notice of the strike and informed that the members of the Drivers Union were being advised to continue working for the other companies. On the same day the Council acknowledged receipt of the notice and said further: "In view of your actions in

1. 29 U.S.C.A. § 185(a).

this regard and the confusion and uncertainty in connection therewith, please be advised that in the event Continental Baking Company or any of the other companies which are members of the Council holding Local 550 contracts are struck by your Union such other member companies will cease operations." Each of the defendants then advised its employees represented by Drivers Union not to report for work on February 28 because of the strike against Continental. In addition production was halted and defendants' inside employees, members of the plaintiff Union, were told that because of the Drivers Union strike they were not to report for work until further notice. Plaintiff was advised of this action by defendants. Work was suspended from February 28 until July 22, 1949.

It is of crucial importance that neither prior to nor at the time the inside workers were told not to come to work was there a labor dispute of any kind between plaintiff and any of the defendants. The collective bargaining agreements between plaintiff and each of the defendants did not expire by their terms until May 1, 1949. Each contained the following no-strike, no-lockout clause: "It is agreed by and between the parties hereto that there will be no concerted failure to report to work, cessation or interruption of work, slowdown, strike or picketing, lockout, during the term of this agreement or during any period of time while negotiations are in progress between the parties hereto for the continuance or renewal of this agreement."

The question for decision is whether under the circumstances set forth the failure of defendants to provide members of the plaintiff Union with work constitutes a lockout within the meaning of the foregoing provision. I think that it does not.

■ It is well settled that "a lockout is an employer's withholding of work from his employees in order to gain a concession *from them.*"[2] (Emphasis supplied.) Labor arbitrators have so understood and applied the term and have frequently stated that the denial of work does not constitute a lockout absent a labor dispute between the parties.[3] A case directly in point here is In re Mrs. Conkling's Bakery.[4] In that case the company was a member along with four others of The Wholesale Bakeries of San Diego, an organization which bargained on behalf of the five companies with the Bakery and Confectionery Workers' Union. Negotiations for a new agreement between that Union and the five companies having broken down, the former announced a strike. Although only Winter's Bakery, one of the five, was struck, the other four shut down. Brunner, an employee of Mrs. Conkling's Bakery and a member of the International Union of Operating Engineers, was denied work by Mrs. Conkling's Bakery even though members of his Union were kept at work in the other plants which were not struck.

The Operating Engineers argued to the Arbitrator that Brunner had been locked out in violation of the following provision of their agreement with the company: "* * * the Employer * * * shall not cause or permit any lockout of the members of the Union * * *." The Arbitrator held, however, "that Brunner was not locked out by the Company. There was no controversy between the Company and the Operating Engineers; Brunner simply happened to be indirectly affected by the action taken by the Company against the Bakery Workers Union. If any lockout did take place it could only have been against members of the Bakery Workers Union." He considered irrelevant the question of whether the Bakery Workers strike against one of the bakeries was a strike against all.

2. Restatement, Torts Sec. 787, comment a. See Iron Molders' Union v. Allis-Chalmers Co., 7 Cir., 166 F. 45, 52, 20 L.R.A.,N.S., 315; 31 Am.Jur. Sec. 293; 54 C.J.S., Lockout, 665; Webster's New International Dictionary (2d ed. Unabridged, 1950).

3. General Seafoods Corp., 7 Lab.Rel.Ref. Man. 926; National Union Radio Corp., 11 Lab.Arb.Rep. 488, 489–90; In re International Projector Corp., 14 Lab.Arb. Rep. 217, 218.

4. 15 Lab.Arb.Rep. 168.

The parallel with the instant case is clear and leads to but one conclusion. Defendants were engaged in no dispute with the plaintiff Union and their actions were in no way designed to coerce it to grant concessions. Thus there was **no** lockout of plaintiff's members and hence no violation of the collective bargaining agreements.

Motion granted. Settle order.